**UNITED STATES of America,
Appellee,**

v.

**Ronald MEJIA, Appellant.**

**No. 75–2391.**

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1976.

Nelson Brav (argued), San Diego, Cal., for appellant.

Stephen V. Petix, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Jeffrey F. Arbetman, Asst. U. S. Atty., on the brief, San Diego, Cal., for appellee.

OPINION

Before ELY and GOODWIN, Circuit Judges, and PREGERSON,* District Judge.

* Honorable Harry Pregerson, United States District Judge for the Central District of California, sitting by designation.

**996**

PER CURIAM:

Defendant, Ronald Mejia, appeals his convictions for possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. §§ 841 (a)(1) and 846.

■ The trial court admitted evidence, offered by the government, that Mejia was required to report to jail on the night of February 26, 1975, the same date he allegedly engaged in a narcotics transaction charged in the indictment. Despite Mejia's assertion of an entrapment defense, the bare evidence of his duty to report to jail was of little or no probative value since that fact would not tend to prove a predisposition to commit the specific crimes charged. This evidence was also highly prejudicial as reflecting on Mejia's testimonial credibility and was inadmissible because its probative value, if any, was far outweighed by its prejudicial impact. Fed.Rules of Evid. 403. Since Mejia's credibility was crucial to the entrapment defense, the admission of this highly prejudicial evidence, which debased his credibility, constituted reversible error.

Bluntly speaking, the government's introduction of the challenged evidence was an indulgence in prosecutorial pettifoggery.

■ Another point. On the facts presented at trial, Mejia was entitled to jury instructions on an entrapment defense for all three counts, even though he did not admit all of the elements presented by the third count. *United States v. Demma*, 523 F.2d 981 (9th Cir. 1975).

Reversed.