127 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
ROGER E.A. TAYLOR, Defendant-Appellant.
 No. 96-30343.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 12, 1997**
Sept. 25, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington, No. CR-94-00015-FVS; Fred L. Van Sickle, District Judge, Presiding.
 
 
 2
 Before: SCHROEDER and BEEZER, Circuit Judges, and SCHWARZER,*** Senior District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Roger E.A. Taylor was convicted of possessing a machine gun in violation of 18 U.S.C. § 922(o).[2] The district court sentenced Taylor to five years' probation, including four months' home detention. He appeals his conviction on the ground that the district court erroneously admitted evidence that should have been excluded under Fed.R.Evid. 403.
 
 FACTS
 
 5
 On February 25, 1993, members of the Douglas County Sheriff's Office responded to complaints of gunshots and screaming. Officers found Taylor in the cab of his pickup truck in possession of a pistol and of a Colt AR-15 rifle (a civilian, semi-automatic version of the M-16) containing one round of ammunition. A .22 rifle and three fully-loaded AR-15 magazines were on the floor of the truck. The next day, Taylor admitted ownership of the AR-15 and the ammunition; he claimed that he was carrying the guns in order to protect himself while he and two acquaintances retrieved some stolen money.
 
 
 6
 Upon examining the AR-15, the officers discovered that a "lightning link" had been inserted into its workings, thereby causing it to fire as a fully automatic (multiple shots per trigger pull) rather than as a semi-automatic (single shot per trigger pull). The lightning link, a thin strip of metal, appeared home-made and would have been obvious to anyone cleaning the gun. Repeated use of a lightning link causes wear that leads to a malfunction as a result of which a firearm may fire multiple rounds even after the lightning link has been removed. Testing revealed that, as seized, Taylor's AR-15 was fully automatic and that after the removal of the link, it sometimes continued to fire multiple rounds.
 
 
 7
 In 1994, a grand jury returned an indictment charging Taylor with unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o). Taylor was found guilty and was sentenced to five years' probation. Over Taylor's objections, the district court permitted the government to introduce into evidence: (1) a videotape of Taylor's AR-15 being fired by a Bureau of Alcohol, Tobacco and Firearms ("ATF") agent, (2) the ammunition seized in the truck on the night of Taylor's arrest, (3) a model of an M-16 with a cut-away exposing its inner workings, and (4) an ATF agent's testimony that Taylor showed the agent a picture of himself in battle fatigues holding an M-16 rifle, the military version of the AR-15. Taylor contends that the prejudicial effect of that evidence outweighed its probative value and that the district court abused its discretion in admitting it at trial. See Fed.R. Evid. 403. The district court had jurisdiction under 18 U.S.C. § 922(o), and we exercise jurisdiction pursuant to 28 U.S.C. § 1291.
 
 DISCUSSION
 
 8
 The elements of § 922(o) are knowing possession of a "weapon which shoots ... more than one shot, without manual reloading, by a single function of the trigger." 26 U.S.C. § 5845(b); 18 U.S.C. § 922(o) (criminalizing the possession of a machine gun, as defined in § 5845); see Staples v. United States, 511 U.S. 600 (1994) (requiring that the government prove scienter in 26 U.S.C. § 5861(d), which relies on the same definition of "machinegun"). Taylor contends that even if the evidence to which he objected at trial is relevant to § 922(o)'s essential elements, it was excessively prejudicial.
 
 
 9
 A district court may exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. We review a district court's decision to admit evidence over a Rule 403 objection for abuse of discretion. United States v. Erickson, 75 F.3d 470, 476 (9th Cir.), cert. denied, 116 S.Ct. 1853 (1996). In reviewing the district court's decision, we will not "reengage in a balancing of the probative value and prejudicial effect" of each piece of evidence. Rogers v. Raymark Indus., Inc., 922 F.2d 1426, 1430 (9th Cir.1991).
 
 
 10
 Videotape of Taylor's Gun Being Fired on the Range. At trial, the court admitted a five-minute video that
 
 
 11
 include[d] both a display of the firearm and the material that was inserted into the firearm ... [to] alter[ ] it from a semiautomatic rifle to a full automatic machine gun. It also contain[ed] an episode of ... test firing where the deputy fired the weapon with the devise [sic] inserted into it, and it show[ed] the weapon firing in a fully automatic fashion.
 
 
 12
 In arguing for the video's admissibility prior to trial, the government claimed that the video was probative of two elements essential to proving a § 922(o) charge: that the gun was fully automatic and that Taylor must have had knowledge thereof. The trial court admitted the video, finding that its contents were neither prejudicial nor cumulative of oral testimony. On appeal, Taylor contends that the videotape was unduly prejudicial because it was "designed to evoke an emotional response." As the government states, however, proof that the gun was fully automatic is an element of the crime charged, see 26 U.S.C. § 5845(b), and a videotape of the gun's being fired as it was seized would go to proving both that Taylor's AR-15 was fully automatic: and that by firing it he would have known that it was fully automatic. While a videotape of the gun's being used to shoot mannequins or animals might have prejudiced a jury, mere footage of the gun's being fired on a range cannot be said to have "appeal[ed] to the jury's sympathies, arouse[d] its sense of horror, [or] provoke[d] its instinct to punish." United States v. Blackstone, 56 F.3d 1143, 1146 (quoting 1 J. Weinstein & M. Berger, Weinstein's Evidence p 403 (1978)).
 
 
 13
 To the extent that the videotape merely confirmed information to which government witnesses may have testified, its cumulative effect was de minimis and clearly not of such an extraordinary quality that it merited exclusion under Rule 403. Furthermore, even cumulative evidence is not necessarily excludable under Rule 403--evidence must be " 'needless[ly]' cumulative" before its admission by the district court amounts to an abuse of discretion. See United States v. Skillman, 922 F.2d 1370, 1374 (9th Cir.1990). The contents of the videotape did not needlessly repeat oral testimony. Admission of the videotape was not abuse of discretion.
 
 
 14
 Ammunition Seized at the Time of Arrest. At trial the government contended that Taylor's having three fully loaded clips of AR-15 ammunition with him at the time of arrest was relevant both to "the background of th[e] case ... and ... to the issue of [Taylor's] knowledge." The district court agreed, and Taylor properly preserved his objection. Taylor argues that this evidence had "little, if any, probative value with respect to the charge that the firearm was a machine gun." As the government points out, however, this evidence tended to show that Taylor was prepared to fire a significant number of rounds, which is consistent with the use of the AR-15 as a machine gun. Nor was its admission needlessly cumulative--evidence is not cumulative merely because it supports evidence that has already been admitted. The government must prove each element of the charge "beyond a reasonable doubt," In re Winship, 397 U.S. 358, 364 (1970), and even repetitive evidence may be admitted in order that the government be able to satisfy its very high burden. Cf. United States v. Hooton, 662 F.2d 628, 636 (9th Cir.1981) (noting that counsel was permitted to "elicit extensive testimony from approximately twenty ... witnesses" on the same point). The court did not err in admitting the clips into evidence.
 
 
 15
 Gun Model. The district court admitted a demonstrative model of part of an M-16 rifle with "enlargements and a cut-away" permitting the jury to see the inner workings of the gun. It was introduced as a demonstrative aid to help an ATF agent explain how the lightning link affected the AR-15's operation. Taylor contends on appeal that "the model was several times larger than the actual firearm and much more menacing looking." In considering Taylor's motion to exclude, the trial court analogized the model to an enlarged photograph and noted that the model lacked a barrel, which minimized its threatening appearance. The probative value of a model designed to elucidate technical aspects of the government's case is clear, while, on the record before us, its prejudicial effect seems elusive, and its admission was not "needless[ly] ... cumulative." See Fed.R.Evid. 403. The admission of the model was not an abuse of discretion.
 
 
 16
 ATF Agent's Testimony Concerning Taylor's Photograph. During the trial, Taylor approached an ATF agent involved in the case and initiated a conversation with him. During that conversation, Taylor produced a picture of himself wearing "a military uniform and a beret[,] carrying what appeared to be an assault rifle [with] the bandoleer of ammunition around his neck." At trial, the district court permitted the ATF agent to testify to the contents of the photograph. The government claims that the testimony concerning the contents of the photograph was relevant to Taylor's knowledge that his AR-15 was in fact a machine gun. Taylor contends that the testimony was "prosecutorial pettifoggery." See United States v. Mejia, 529 F.2d 995, 996 (9th Cir.1976). Evidence of Taylor's prior familiarity with firearms clearly goes to his knowledge that his AR-15 was fully automatic. The agent's testimony connected Taylor's past knowledge of firearms (and of the military version of the type of firearm at issue in this case) with the firearm in the case and thus tended to prove his knowledge that his AR-15 was fully automatic. The evidence was not prejudicial or needlessly duplicative of evidence already in the record. Admission of the evidence was not abuse of discretion.
 
 
 17
 The judgment is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 * Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [2]
 On a prior appeal of this case, we reversed the district court's grant of a motion of acquittal under Fed.R.Crim.P. 29. United States v. Taylor, 70 F.3d 121 (1995) (table), cert. denied, 116 S.Ct. 1853 (1996)